Filed 10/17/23  P. v. Turner CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C097756 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF01072) |
| v. | |
| KIANTE DOMINIQUE TURNER, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kiante Dominique Turner filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After independently examining the record, we shall affirm.

1

BACKGROUND

Defendant pleaded no contest to two counts of continuous sexual abuse of minors, J.F. and A.F. (Pen. Code, § 288.5; counts 2 & 3),[1] in exchange for dismissal with a waiver (pursuant to *People v. Harvey* (1979) 25 Cal.3d 754) of one count of oral copulation or sexual penetration of J.F., a child under 10 years of age (§ 288.7, subd. (b); count 1), and dismissal of the special allegations that he engaged in substantial sexual conduct and committed the crimes on more than one victim during the same course of conduct (§ 1203.066, subd. (a)(7) & (8)). (*People v. Turner* (Aug. 26, 2022, C094937) [nonpub. opn.] (*Turner I*).)[2]  On the plea form, defendant initialed the box regarding a *Harvey* waiver that stated:  " 'I stipulate the sentencing judge may consider my prior criminal history and the entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations or cases when granting probation, ordering restitution, or imposing sentence.' " (*Turner I*, *supra*, C094937.)

Defendant stipulated to the probation report as the factual basis for his plea. (*Turner I*, *supra*, C094937.)  The probation report recounted defendant's statement to law enforcement in which he admitted to engaging in numerous sexual acts with J.F. during the time she was between the ages of six to 15 years old, and numerous sexual acts with A.F., which began when she was approximately nine years old. (*Ibid.*)  Defendant also provided a statement to probation that was contained in the report wherein he admitted committing the offenses detailed in the police report and confirmed that his abuse of the children started when they were six and nine years old, respectively. (*Ibid.*)  He also regretted taking advantage of his position as the victims' stepfather and explained that he

---

[1] Further undesignated statutory references are to the Penal Code.

[2] We consider defendant's request to take judicial notice of the record of defendant's direct appeal in *Turner I* as a request to incorporate the record in case No. C094937 and grant the request.

felt the victims may have felt trapped because he had such control over their lives at the time. (*Ibid.*)

Although the original probation report recommended the middle term sentences, the trial court sentenced defendant to the upper term of 16 years for each count. (*Turner I*, *supra*, C094937.) Defendant appealed, and this court affirmed his convictions but remanded the case for resentencing in light of recent amendments to section 1170, which limited a trial court's discretion to impose upper term sentences (Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731)). (*Turner I*, *supra*, C094937.) While this court noted that defendant had effectively stipulated to some of the relevant facts necessary to impose an upper term under the new law, the trial court had also engaged in its own factfinding regarding several factors in aggravation that were not stipulated to by defendant, proven through certified records of conviction, or proven to a jury beyond a reasonable doubt. (*Ibid.*) Because we could not conclude that the court would have selected an upper term sentence based only on permissible factors, we remanded for resentencing. (*Ibid.*)

In January 2023, following issuance of the remittitur, the trial court resentenced defendant. At the hearing, the prosecutor introduced certified records of conviction in three prior criminal matters, and the court also took judicial notice of the court files in those cases.

After considering, among other things, defendant's plea form and *Harvey* waiver, the original and supplemental probation reports, the original and supplemental statements in aggravation, and letters from the victims and defendant, as well as the certified records of defendant's prior convictions, the trial court denied defendant's request for middle term sentences and reimposed full, consecutive 16-year upper terms for each count under section 667.6, subdivision (d). In doing so, the court cited defendant's certified prior convictions and several of the aggravating factors to which he had stipulated given the *Harvey* waiver to support the upper term. The court considered defendant's youth

3

pursuant to section 1170, subdivision (b)(6) because he started the sexual abuse at approximately age 22. But the court found that defendant's youthfulness did not contribute to the offenses because defendant continued to abuse the girls until he was 31 years old, and that imposing a lower term sentence would be contrary to the interests of justice.

Without objection, the trial court reimposed the same amount of victim restitution, ordered defendant to pay mandatory minimum fees and fines, and awarded defendant pre- and post-sentencing credits. Defendant timely appealed without a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                                                _____/s/_____

                                                                 Duarte, J.

We concur:

_____/s/_____

Hull, Acting P. J.

_____/s/_____

Keithley, J.*

---

*Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.